UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BROWARD DIVISION

CASE NO.: 1:14-cv-62475

AT LAW AND IN ADMIRALTY

PATRICIA PARKER,

    Plaintiff,

v.

MSC CRUISES (USA) INC.,
a foreign corporation, and
MSC CROCIERE S.A., a foreign
Corporation,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

The Plaintiff hereby sues the Defendants and files this Complaint for Damages, and says:

## THE PARTIES AND JURISDICTION

1.    This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2.    Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333, and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

3. The Plaintiff, PATRICIA PARKER, is a resident of Haywood County, North Carolina.

4. The Defendants, MSC CRUISES (USA) INC. and MSC CROCIERE S.A. are foreign corporations incorporated in Italy, authorized to do business in the State of Florida, and at all times material hereto was and is doing business in Broward County, Florida.

5. The Defendants, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or
    b. Had an office or agency in this state and/or county; and/or
    c. Engaged in substantial activity within this state; and/or
    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF INCIDENT.** This incident occurred on December 11, 2013 at approximately 10:30 a.m.

8. **LOCATION OF INCIDENT.** This incident occurred on onboard the MSC *Divinia* cruise ship near the raised stainless steel threshold which is between the doors from the outdoor pool to the indoor pool. Accordingly, the Plaintiff's claims are governed by the general maritime law.

9. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel. The Plaintiff is not in possession of the Passenger

Contract Ticket.  The Defendants are in possession of the Passenger Contract Ticket or a facsimile thereof.

10.     **DESCRIPTION OF THE INCIDENT.**   MSC Cruises operates the cruise ship MSC *Divinia*.  The cruise line has an obligation to keep the floors onboard its ship clean and dry for passengers to walk on.  The cruise line also knows that when it wets the floors in public areas, especially high traffic areas and area with raised thresholds, it should block off the area, post warning signs in the area, or post personnel in the area to warn and block pedestrians from walking on the wet slippery floors.  The cruise line also has a duty to inspect its floors for wet areas and to block off the area, post warning signs or post personnel in the area.

11.     On December 11, 2013, cruise line personnel mopped the floor which is near the raised stainless steel threshold which is between the doors from the outdoor pool to the indoor pool.  The cruise line also knew that wet bathers walk on that route and make that floor wet on a regular and ongoing basis, and they did on that day.  The entire area of flooring in that area was wet on that day and at the time of the accident.  The floor in that area is extremely slippery when wet.

12.     Yet, the cruise line personnel chose not to post any warning signs and chose not to block off that floor area that day.

13.     Accordingly, when Plaintiff, PATRICIA PARKER walked over that floor, she slipped and fell forward onto her knees causing, among other injuries, fracture of her right knee cap and underlying cartilage, ligaments, and/or tendon damage, which has required surgery.  The injuries sustained in this incident are permanent and debilitating.

## COUNT I
## NEGLIGENCE

14.     The Plaintiff, PATRICIA PARKER, hereby adopts and realleges each and every allegation in paragraphs 1 through 13, above.

15. **DUTIES OWED BY THE DEFENDANT**. The Defendants owe a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 888 So. 2d 654 (Fla. 3d DCA 2004), 2004 A.M.C. 1913; citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S. Ct. 406, 3 L. Ed. 2d 550 (1959); *The Moses Taylor*, 4 Wall. 411, 71 U.S. 411, 18 L. Ed. 397 (1866); Carlisle *v. Ulysses Line Ltd.*, 475 So. 2d 248 (Fla. 3d DCA 1985). The Defendant also owed a "duty to exercise reasonable care under the circumstances". See, *Harnesk vs. Royal Caribbean Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited*, *S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985). Vierling v. Celebrity Cruises, 339 F.3d 1309, 1319-20 (11th Cir. 2003)("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is nondelegable, and that even the 'slightest negligence' renders a carrier liable). The cruise line has a duty to provide safe ingress and egress to and from the ship. *Tittle v. Aldacosta*, 544 F.2d 752 (5th Cir. 1977); *Bellocchio v. Italia Flotte* 84 F.2d 975 (2d Cir. 1936); *Samuelov v. Royal Caribbean,* 870 So.2d 853 (Fla. 3DCA 2004); and *Chan v. Society Expeditions*, 123 F.3d 1287 (9th Cir. 1997). More specifically "a high degree of care is demanded of common carriers towards their passengers," including the "duty to maintain reasonable, safe means for passengers to board and disembark." *McLean v. Royal Caribbean Cruises, Ltd.,* 2013 WL 1024257 (S.D.Fla.), citing *Vierling v. Celebrity Cruises, Inc.,* 339 F 3rd 1309, 1319 (11th Cir. 2003). This duty is non-delegable and "even the slightest negligence renders a carrier liable." *McLean v.*

*Royal Caribbean Cruises, Ltd.,* 2013 WL 1024257 (S.D.Fla.), citing *Vierling v. Celebrity Cruises, Inc.*, 339 F.3d 1309, 1319 (11th Cir. 2003).

16. The Defendants breached those duties and was negligent by:

   a. Failing to keep the floor clean and dry to allow normal and safe foot traffic;

   b. Failing to inspect for and to observe on a reasonably frequent basis water, lotion, oils, grease, and/or other foreign substances from the floor from whatever source;

   c. Observing that the flooring was wet and slippery with foreign substances but failing to clean and dry the flooring;

   d. Failing to clean and dry mop water and spills or areas of wetness from whatever source with dry mops, towels, blowers, and by other means;

   e. Failing to warn that the floor was slippery and hazardous and/or wet by reasonable means including but not limited to properly and reasonably posting warning notices, signs, cones, or other devices in the area;

   f. Failing to provide a mat or other floor covering over the slippery floor to allow people who traverse the floor area to use at least a section of the floor;

   g. Failing to cordon or block off the wet and slippery area when it was discovered through reasonable inspection;

   h. Failing to properly and reasonably train its employees in the proper methods of inspecting for wet areas, cleaning and drying wet area, warning of wet areas, blocking off wet areas, and monitoring the activities of people in the area;

    i.      Failing to properly and reasonably monitor and control the activities of people in an area especially an area where Defendant knows is an area of high traffic and continuous problems;

    j.      Failing to prevent distractions to invitees and failure to design a facility or an operation in the facility which does not have distractions to customers which would cause accidents;

    k.      Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

    l.      Allowing an ongoing, recurring, continuous and/or repetitive problem to occur or to remain on the premises which would cause accidents or injuries;

    m.      Providing negligent maintenance to the area or to the premises;

    n.      Failing to otherwise maintain the area and the premises in a safe and reasonable manner;

    o.      Designing and building and not changing the deck which allowed substances and water to accumulate in an area for an unreasonable amount of time;

    p.      Allowing substances and water to accumulate on decks;

    q.      Failing to comply with applicable standards, statutes, and/or regulations the violation of which is negligence per se and/or evidence of negligence;

    r.      Failure to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence; and

    s.      Failing to otherwise provide its passengers with a safe place to walk.

17. The Defendants created a dangerous condition on the subject ship and allowed the dangerous condition to exist thereby causing an incident on the date referenced above in which the Plaintiff was severely injured.

18. The Defendants either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

19. The Defendants had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendants should have known about it.

20. In the alternative, notice to the Defendants is not required because the Defendants (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations.

21. The negligent condition was created by the Defendants; and was known to the Defendants; and had existed for a sufficient length of time so that Defendants should have known of it; and was a continuous or repetitive problem thus giving notice to the Defendants.

22. The negligent condition occurred with sufficient regularity so as to be foreseeable by the Defendants, and should have been foreseeable by the Defendants.

23. As a result of the Defendants' negligence, the Plaintiff, PATRICIA PARKER, has suffered permanent economic damages in the past and in the future on a permanent basis including but not limited to medical expenses for medical care and treatment, household

expenses, past lost income, and future loss of the ability or capacity to earn income; and non economic damages in the past and in the future on a permanent basis including bodily injury, pain, suffering, mental anguish, loss of the enjoyment of life, physical impairment and disability, inconvenience, scarring, and disfigurement, all of which in the past and in the future.

WHEREFORE, the Plaintiff demands judgment against Defendants, MSC CRUISES (USA) INC. and MSC CROCIERE S.A., for all non-economic damages suffered in the past and in the future on a permanent basis as a result of the bodily and personal injuries suffered by the Plaintiff, PATRICIA PARKER, including but not limited to bodily injury, pain, suffering, mental anguish, loss of the enjoyment of life, physical impairment, disability, inconvenience, scarring, and disfigurement; and economic damages suffered in the past and in the future on a permanent basis by the Plaintiff, PATRICIA PARKER, including but not limited to medical expenses, household and other expenses, loss of income, and loss of the ability and capacity to earn income in the future; all court costs; all interest which accrues from the date of the incident on all economic and non-economic damages under the General Maritime Law; and any and all other damages which the Court deems just and proper.

**HICKEY LAW FIRM, P.A.**
*Attorney for Plaintiff*
1401 Brickell Avenue
Suite 510
Miami, FL 33131-3504
P: 305.371.8000
F: 305.371.3542


By:  _/S/ John H. Hickey_____
        JOHN H. HICKEY